RULE 531.  QUALIFICATIONS OF SURETY.

(A)  Subject to any additional requirements prescribed by local rule of court, the following shall be qualified to act as sureties:

(1)  owners of cash or securities as provided in Rule 528;

(2)  owners of realty located in the Commonwealth as provided in Rule 528(D)(3), or owners of realty located outside the Commonwealth but within the United States as provided in Rule 528(D)(4), provided that satisfactory evidence of ownership or special approval of the court is obtained;

(3)  surety companies approved by the court and authorized to do business in the Commonwealth of Pennsylvania;

(4)  professional bondsmen licensed under the Judicial Code, 42 Pa.C.S. §§ 5741- **[5749]** <u>5750</u>;

(5)  for percentage cash bail only, the defendant or any private individual or organization.

(B)  No attorney, or spouse or employee of any attorney, shall be permitted to become a surety for a client of the attorney or for a client of the attorney's office.

(C)  No sheriff, employee of a sheriff, tipstaff, other employee, or official of the courts or issuing authorities of any judicial district shall be permitted to become a surety unless the defendant is a member of that person's immediate family.

(D)  No person who is named in any current official list of undesirable bondsmen shall be permitted to become a surety in any case.

> COMMENT:  Paragraph (A)(2) is intended to require that ownership of realty anywhere within the Commonwealth qualifies a person to act as a surety in any judicial district in the Commonwealth.  Local procedure may not require as an "additional requirement" that realty must be located within the county before it may be posted to satisfy a monetary condition of release.
>
> **["Professional bondsman," as defined in the Judicial Code, 42 Pa.C.S. §§ 5741- 5749, includes any person who, within a 30-day period, becomes a surety or**

**indemnifies a surety pursuant to these rules in three or more matters not arising under the same transaction, whether or not the person charges a fee or receives compensation.  *See* 42 Pa.C.S. § 5741.]**

**"Bail bondsman," as defined in the Judicial Code, 42 Pa.C.S. §§ 5741- 5750, includes a person who engages in the business of giving bail as a surety for compensation. *See* 42 Pa.C.S. § 5741.**

**"Surety," as defined in the Judicial Code, 42 Pa.C.S. §§ 5741-5750, includes a person who pledges security, whether or not for compensation, in exchange for the release from custody of a person charged with a crime prior to adjudication.  *See* 42 Pa.C.S. § 5741.**

Under paragraph (A)(5), either the defendant or another person, such as a relative or neighbor, may deposit the percentage cash bail.  If the defendant deposits the money, he or she signs the bond, thereby becoming a surety and liable for the full amount of the monetary condition if a condition of the bail bond is violated.  If someone other than the defendant deposits the money and co-signs the bond with the defendant, that person becomes a surety for the defendant and is liable for the full amount of the monetary condition if a condition of the bail bond is violated.  There may be cases in which the other person does not co-sign the bond, but merely deposits the money on behalf of the defendant.  In such cases, that person would not be a surety and would not be liable for the full amount of the monetary condition.

Paragraph (B) is not intended to preclude an attorney, or the spouse or employee of an attorney, from being a surety as long as the defendant is not the attorney's client or a client of the attorney's office.

"Immediate family," as used in paragraph (C), is intended to include only grandparents, parents, spouses, siblings, children, grandchildren, stepchildren, and like relatives-in-law.

NOTE:  Former Rule 4011 adopted July 23, 1973, effective 60 days hence; rescinded September 13, 1995, effective January 1, 1996, and replaced by Rule 534.  Present Rule 4011 adopted September 13, 1995, effective January 1, 1996.  The January 1, 1996 effective dates extended to April 1, 1996; the April 1, 1996 effective dates extended to July 1, 1996; renumbered Rule 531 and amended March 1, 2000, effective April 1, 2001 **[.]** **; amended May 2, 2017, effective July 1, 2017.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of the new rule published with the Court's Order at 25 Pa.B. 4116 (September 30, 1995).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the May 2, 2017 amendment regarding the statutory definition of "surety" published with the Court's Order at 47 Pa.B.     (            , 2017).*

RULE 536.  PROCEDURES UPON VIOLATION OF CONDITIONS: REVOCATION OF RELEASE AND FORFEITURE; BAIL PIECES; EXONERATION OF SURETY.

(A)     SANCTIONS

    (1)  *Revocation of Release*

        (a)  A person who violates a condition of the bail bond is subject to a revocation of release and/or a change in the conditions of the bail bond by the bail authority.

        (b)  When a violation of a condition occurs, the bail authority may issue a bench warrant for the defendant's arrest.  When the bench warrant is executed, the bench warrant proceedings shall be conducted pursuant to Rule 150.

        (c)  The bail authority also may order the defendant or the defendant's surety to explain why the defendant's release should not be revoked or why the conditions of release should not be changed.  A copy of the order shall be served on the defendant and the defendant's surety, if any.

        (d)  When the bail authority changes the conditions of the bail bond and/or revokes the defendant's release, the bail authority shall state in writing or on the record the reasons for so doing.

    (2)  *Forfeiture*

        (a)  When a monetary condition of release has been imposed and the defendant has violated a condition of the bail bond, the bail authority may order the cash or other security forfeited and shall state in writing or on the record the reasons for so doing.  **When the surety is a third party, the cash or other security may be ordered forfeited only when the condition of the bail bond violated is that the defendant has failed to appear for a scheduled court proceeding.**

        (b)  Written notice of the forfeiture shall be given to the defendant and any surety, either personally or by both first class and certified mail at the defendant's and the surety's last known addresses.

        (c)  The forfeiture shall not be executed until **[20] 90** days after notice of the forfeiture order.

(d) The bail authority may direct that a forfeiture be set aside or remitted **as provided by law or** if justice does not require the full enforcement of the forfeiture order.

(e) When a magisterial district judge orders bail forfeited pursuant to this rule, the magisterial district judge shall generate a check in the amount of the bail monies he or she has on deposit in the case, and shall send the check and a copy of the docket transcript to the clerk of courts for processing and disbursement as provided by law.

(B) BAIL PIECES

(1) A surety or bail agency may apply to the court for a bail piece.

(2) If the court is satisfied that a bail piece is required, it may issue a bail piece authorizing the surety or bail agency to apprehend and detain the defendant, and to bring the defendant before the bail authority without unnecessary delay.

(C) EXONERATION

(1) A bail authority, **[in his or her discretion, may] as provided by law or as justice requires, shall** exonerate a surety who deposits cash in the amount of any forfeiture ordered or who surrenders the defendant in a timely manner.

(2) When the conditions of the bail bond have been satisfied, or the forfeiture has been set aside or remitted, the bail authority shall exonerate the obligors and release any bail.

> COMMENT: This rule does not apply when a defendant has been arrested pursuant to extradition proceedings. *See generally* Uniform Criminal Extradition Act, 42 Pa.C.S. §§ 9121-9148, and particularly Section 9139 concerning forfeiture proceedings in such cases. *See also* the Crimes Code, 18 Pa.C.S. § 5124, which imposes criminal sanctions for failing to appear in a criminal case when required.
>
> Paragraph (A)(1)(b) was amended and former paragraph (A)(1)(d) was deleted in 2005 to make it clear that a warrant for the arrest of the defendant for failure to comply with a condition of bail is a bench warrant. For the procedures when a paragraph (A)(1)(b) bench warrant is

executed, see Rule 150 (Bench Warrants). For the procedures for issuing a bench warrant when a defendant fails to appear for a preliminary hearing, see paragraph (D) of Rule 543 (Disposition of Case at Preliminary Hearing).

**Nothing in this rule is intended to preclude the issuance and service of the notice of revocation of release under paragraph (A)(1) and the notice of forfeiture of security under paragraph (A)(2) to be performed simultaneously. _Compare_ 42 Pa.C.S. §5741.1.**

Nothing in this rule is intended to preclude a judicial district from utilizing the United States Postal Service's return receipt electronic option, or any similar service that electronically provides a return receipt, when using certified mail, return receipt requested.

Once bail has been modified by a common pleas judge pursuant to Rule 529, only the common pleas judge subsequently may change the conditions of release, even in cases that are pending before a magisterial district judge. _See_ Rules 543 and 529.

**This rule was amended in 2017 following the enactment of Section 5747.1 of the Judicial Code, 42 Pa.C.S. §5747.1, that limits the grounds for which bail might be forfeited by a third party surety to the defendant's failure to appear for a court proceeding. For all other violations of the conditions of bail, all other remedies remain available, including but not limited to, forfeiture by the defendant when he or she is the surety, revocation of bail, modification of bail, and indirect criminal contempt.**

Whenever the bail authority is a judicial officer in a court not of record, pursuant to paragraph (A)(2)(a), that officer should set forth in writing his or her reasons for ordering a forfeiture, and the written reasons should be included with the transcript.

Paragraph (A)(2)(c) provides an automatic **[20] 90**-day stay on the execution of the forfeiture to give the surety time to produce the defendant or the defendant time to appear and comply with the conditions of bail.

"Conditions of the bail bond" as used in this rule include the conditions set forth in Rule 526(A) and the conditions of release defined in Rules 524, 527, and 528.

**Section 5747.1(b)(5) of the Judicial Code requires the bail authority to grant specific remittances to sureties if the defendant is produced within specified time periods.** *See* **42 Pa.C.S. §5747.1(b)(5). Otherwise, remittance or exoneration of the surety is within the discretion of the bail authority.**

NOTE:  Former Rule 4016 adopted July 23, 1973, effective 60 days hence, replacing prior Rule 4012; *Comment* revised January 28, 1983, effective July 1, 1983; rescinded September 13, 1995, effective January 1, 1996, and replaced by Rule 4016.  Present Rule 4016 adopted September 13, 1995, effective January 1, 1996.  The January 1, 1996 effective dates extended to April 1, 1996; the April 1, 1996 effective dates extended to July 1, 1996; renumbered Rule 536 and *Comment* revised March 1, 2000, effective April 1, 2001; amended March 2, 2004, effective July 1, 2004; *Comment* revised August 24, 2004, effective August 1, 2005; amended December 30, 2005, effective August 1, 2006; *Comment* revised May 1, 2007, effective September 4, 2007, and May 1, 2007 Order amended May 15, 2007; *Comment* revised September 18, 2008, effective February 1, 2009 **[.] ; amended May 2, 2017, effective July 1, 2017.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

<u>*Final*</u> <u>*Report*</u> *explaining the provisions of the new rule published with Court's Order at 25* <u>*Pa.B.*</u> *4116 (September 30, 1995).*

<u>*Final*</u> <u>*Report*</u> *explaining the March 1, 2000 reorganization and*

*renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the March 3, 2004 rule changes deleting "show cause" published with the Court's Order at 34 <u>Pa.B.</u> 1561 (March 20, 2004).*

*<u>Final</u> <u>Report</u> explaining the August 24, 2004 <u>Comment</u> revision published with the Court's Order at 34 <u>Pa.B.</u> 5025 (September 11, 2004).*

*<u>Final</u> <u>Report</u> explaining the December 30, 2005 amendments concerning bench warrants published with the Court's Order at 36 <u>Pa.B.</u> 184 (January 14, 2006).*

*<u>Final</u> <u>Report</u> explaining the May 1, 2007 <u>Comment</u> revision concerning bench warrants following a failure to appear at a preliminary hearing published with the Court's Order at 37 <u>Pa.B.</u> 2503 (June 2, 2007).*

*<u>Final</u> <u>Report</u> explaining the September 18, 2008 revision of the Comment concerning the United States Postal Service's return receipt electronic option published with the Court's Order at 38 <u>Pa.B.</u> 5425 (October 4, 2008).*

*<u>Final Report explaining the May 2, 2017 amendments necessitated by statutory changes related to bail forfeitures published with the Court's Order at 47 Pa.B.      (            , 2017).</u>*